# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**
        Plaintiff,

      v.                                                                      **Case No. 03-CR-46**

**EID A. SHIHADEH,**
        Defendant.

## DECISION AND ORDER

### I. FACTS AND BACKGROUND

On July 21, 2004, I sentenced defendant Eid Shihadeh to one year and one day in prison following his guilty plea to fraud conspiracy charges. I further ordered him to make restitution in the amount of $120,000. He took no appeal. On June 15, 2006, as he was about to complete his prison sentence, defendant filed a motion under Fed. R. Civ. P. 60(b), seeking relief from or modification of his sentence. Specifically, he asked that his restitution obligation be reduced because Immigration and Customs Enforcement ("ICE") had placed a hold on him and planned to initiate deportation proceedings; he stated that the restitution amount was a critical factor in ICE's determination, and that $10,000 was apparently a "cut-off" figure for purposes of its evaluation. He stated that at the time he was sentenced he did not believe that he faced issues with his immigration status. He suggested that the court could perhaps add his restitution obligation to the amount his wife (and co-defendant) was ordered to pay.

Under the Sentencing Reform Act of 1984, courts generally lack the authority to alter sentences long after imposition, see United States v. Romandine, 206 F.3d 731, 734-35 (7th Cir. 2000), and Fed. R. Civ. P. 60(b), upon which defendant relied in his motion, provides no

authority to modify a criminal judgment, e.g., United States v. Fair, 326 F.3d 1317, 1318 (11th Cir. 2003) (stating that Rule 60(b) does not provide for relief from judgment in a criminal case); United States v. O'Keefe, 169 F.3d 281, 289 (5th Cir. 1999) ("Federal Rule of Civil Procedure 60(b), therefore, simply does not provide for relief from a judgment in a criminal case."); United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998) (stating that "Rule 60(b) simply does not provide for relief from judgment in a criminal case"). However, as the government noted in its response to defendant's motion, it could be possible for defendant to obtain relief via a writ of error coram nobis. See United States v. Mischler, 787 F.2d 240, 241 (7th Cir. 1986) (stating that coram nobis is available to challenge an inaccurate restitution order). Nevertheless, the government opposed such relief, arguing that defendant presented no evidence that the restitution figure in his case was inaccurate. Instead, the government argued, he sought to escape the collateral effects of his crime. See 8 U.S.C. § 1101(a)(43)(M)(i) (defining the term "aggravated felony" to include an offense that involves fraud or deceit in which the loss to the victim exceeds $10,000); see also Iysheh v. Gonzales, 437 F.3d 613, 615 (7th Cir. 2006) (noting that an alien's commission of an aggravated felony requires deportation). The government contended that coram nobis relief was not available to a defendant who seeks to lower his restitution figure in order to avoid deportation.

I permitted defendant to submit additional argument and evidence under the coram nobis standard, which he has done. However, upon review of the entire record, I conclude that defendant's request for relief must be denied.

## II. DISCUSSION

Coram nobis relief may be granted only if the defendant can satisfy four criteria: "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." Hirabayashi v. United States, 828 F.2d 591, 604 (9th Cir. 1984). I will assume that the first and second criteria are met, because 28 U.S.C. § 2255 may not be used to attack a restitution order, Barnickel v. United States, 113 F.3d 704, 705-06 (7th Cir. 1997), and defendant could not have raised the issue sooner than he did (by filing a direct appeal for example), because he only learned of the deportation problem as he neared his release date.[1]

In order to satisfy the third criterion, the Seventh Circuit requires "a concrete threat that an erroneous conviction's lingering disabilities will cause serious harm to the petitioner." United States v. Craig, 907 F.2d 653, 658 (7th Cir. 1990).

> Thus, the types of disabilities sufficient to justify coram nobis relief can be broken down into three elements. First, the disability must be causing a present harm; it is not enough to raise purely speculative harms or harms that occurred completely in the past. Second, the disability must arise out of the erroneous conviction. Third, the potential harm to the petitioner must be more than incidental.

Id. (internal footnote omitted). Courts have held that imminent deportation based on a criminal

---

[1] It is true that an individual serving a term of supervised release, as defendant apparently is, remains in "custody" for purposes of § 2255. See Kusay v. United States, 62 F.3d 192, 193 (7th Cir. 1995). However, because defendant focuses on the restitution order, which may not be challenged under § 2255, I will construe his request as one for coram nobis relief. In any event, I note that the result would be the same even if I were to construe his motion as one falling under 28 U.S.C. § 2255. Defendant's primary claim is that his counsel was ineffective, which may be raised for the first time under § 2255. See Massaro v. United States, 538 U.S. 500, 504-05 (2003). However, as I explain later in the text, his claim fails, whether analyzed under the § 2255 or coram nobis standard.

3

conviction is a sufficiently adverse consequence to allow coram nobis relief. See, e.g., United States v. Kwan, 407 F.3d 1005, 1014 (9th Cir. 2005) (citing United States v. Esogbue, 357 F.3d 532, 534 (5th Cir. 2004); Park v. California, 202 F.3d 1146, 1148 (9th Cir. 2000)). Thus, I will assume that defendant meets this criterion as well.

Under the fourth factor, the defendant must demonstrate a fundamental error, such as ineffective assistance of counsel, e.g., Kwan, 407 F.3d at 1014 (collecting cases), or an involuntary guilty plea, Holloway v. United States, 393 F.2d 731, 732-33 (9th Cir. 1968); see also United States v. Darnell, 716 F.2d 479, 481 (7th Cir. 1983). Defendant has failed to make the necessary showing in this regard.

In an affidavit, defendant's lawyer[2] states that prior to sentencing he discussed with defendant the possibility that his sentence would have an adverse effect on his immigration status. Defendant indicated that he did not feel that the expected sentence would affect his status. Counsel states that he relied on defendant's representation and made no further inquiry into the matter. However, after ICE initiated removal proceedings, defendant and his wife told counsel that at the time of sentencing they relied on information from friends and acquaintances, whom they believed to be knowledgeable in immigration matters. (R. 436 at 1-2 ¶ 3-5.) In his brief, counsel states that the information defendant received was obviously erroneous. He further states that, in retrospect, it is clear that he should have taken additional steps prior to sentencing to research the matter. These facts are insufficient to establish either ineffective assistance or that defendant's guilty plea was defective.

In order to establish ineffective assistance, a defendant must show that counsel's

---

[2]Defendant is represented by the same lawyer on the instant motion as in the original criminal case.

4

performance was deficient and that he suffered prejudice as a result. Strickland v. Washington, 466 U.S. 668, 687 (1984). When the defendant's claim relates to his lawyer's advice regarding a guilty plea, he must show "(1) that counsel's performance fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's errors, [he] would not have pled guilty and would have insisted on going to trial." Bethel v. United States, 458 F.3d 711, 716 (7th Cir. 2006) (citing Hill v. Lockhart, 474 U.S. 52, 57-59 (1985)), cert. denied, 75 U.S.L.W. 3353 (U.S. Jan. 8, 2007).

Defendant's ineffective assistance claim fails on both prongs. First, the Seventh Circuit has held that the possible immigration consequences of a guilty plea are collateral aspects of the prosecution not covered by the Sixth Amendment, and thus the failure to advise a defendant of such consequences does not amount to ineffective assistance. Santos v. Kolb, 880 F.2d 941, 944-45 (7th Cir. 1989); United States v. George, 869 F.2d 333, 338 (7th Cir. 1989); see also Lewis v. United States, 902 F.2d 576, 577 (7th Cir. 1990). Therefore, counsel did not perform deficiently by failing to advise defendant that he faced deportation.[3]

Second, there is no evidence suggesting that, had he been properly advised, defendant would not have pleaded guilty and instead gone to trial, not even an allegation from defendant to this effect. See United States v. Arvanitis, 902 F.2d 489, 494-95 (7th Cir. 1990) (denying ineffective assistance claim where the defendant failed to even allege that he would have

---

[3]Some courts have distinguished between a failure to advise the defendant regarding deportation issues, which does not constitute ineffective assistance, and an affirmative misrepresentation about such issues, which may. United States v. Mohammad Mutie Khalaf, 116 F. Supp. 2d 210, 214-15 (D. Mass. 1999) (collecting cases); see also United States v. Pascual, No. 94 CR 0821, 2007 U.S. Dist. LEXIS 757, at *9 (N.D. Ill. Jan. 5, 2007) (distinguishing Santos on this basis). In the present case, there is no evidence that counsel affirmatively misrepresented the immigration consequences of defendant's plea and sentence. Therefore, Santos applies.

5

insisted on going to trial). Further, an ineffective assistance claim cannot succeed when the defendant claims, not that he would have gone to trial had he been properly advised, but that he would not have entered into the specific plea agreement he did. See Gargano v. United States, 852 F.2d 886, 891 (7th Cir. 1988).

Even if defendant had claimed that he would have gone to trial had he known of the deportation, it would be extremely difficult to accept, under the circumstances of this case, that he would have actually done so. The evidence against defendant was overwhelming, and the government made significant concessions in its plea agreement with defendant, which greatly reduced his exposure. For instance, the government agreed to set defendant's loss figure under the guidelines (as well as his restitution) at $120,000, a fraction of the $5,000,000 loss caused by the conspiracy. Thus, his loss enhancement under the plea agreement was 10, U.S.S.G. § 2B1.1(b)(1)(F), whereas it could have been as high as 30, U.S.S.G. § 2B1.1(b)(1)(P), after a trial. I find it unlikely that defendant would have given up these sentencing benefits had he known of the probability of deportation. Therefore, he cannot show prejudice. See, e.g., Evola v. Carbone, 365 F. Supp. 2d 592, 601 (D.N.J. 2005) (denying coram nobis relief where the defendant failed to show that he would not have pleaded guilty had he known of deportation consequences, where the evidence showed that he "pled guilty both because he committed the crime and because of the daunting alternative of facing a jury"); Kyem v. United States, 96 CR 1078 , 2000 U.S. Dist. LEXIS 14231, at *5 (S.D.N.Y. Sept. 29, 2000) (denying coram nobis relief where the defendant failed to show that, but for bad advice regarding deportation, there was a reasonable probability that he would not have pleaded guilty and instead proceeded to trial); United States v. Mora-Gomez, 875 F. Supp. 1208, 1214-15 (E.D. Va. 1995) (denying coram nobis relief where, based on the strong

6

evidence against him, there was no reasonable probability the defendant would have gone to trial even if he had been properly advised about deportation).[4]

Counsel notes that had he been aware of the immigration problem he could have asked for a judicial recommendation that defendant not be deported. However, the statutory authority for so-called "JRADs" (judicial recommendations against deportation) was repealed in 1990, long before defendant's plea and sentence. See United States v. Bodre, 948 F.2d 28, 30 (1st Cir. 1991). Therefore, defendant cannot show prejudice on this basis either. See United States v. LaPlante, 57 F.3d 252, 253 (2d Cir. 1995) (denying request for coram nobis relief based on counsel's failure to request JRAD because authority for JRAD had been abolished).

Finally, defendant cannot show that his plea was infirm. For a plea to be knowing and voluntary, the defendant must be informed of direct, not collateral, consequences of the plea. Warren v. Richland County Circuit Court, 223 F.3d 454, 457 (7th Cir. 2000). As discussed above, immigration consequences are collateral. See United States v. Montoya, 891 F.2d 1273, 1293 (7th Cir. 1989) (collecting cases). Therefore, defendant is not entitled to coram nobis relief on this basis, either.[5]

---

[4]Again, Pascual, in which the court granted coram nobis relief on a similar claim, is distinguishable because in that case the defendant demonstrated that he would have gone to trial had he been properly advised. 2007 U.S. Dist. LEXIS 757, at *11-12.

[5]The government notes that even if the court were to reduce defendant's restitution figure, the loss amount would still be $120,000, well above the $10,000 threshold for aggravated felonies. Therefore, it argues that coram nobis relief may not solve defendant's problem. Because defendant's motion fails for the reasons stated in the text, I need not address this contention.

7

## III. CONCLUSION

**THEREFORE, IT IS ORDERED** that defendant's motion for relief/modification of sentence (R. 421) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 31st day of January, 2007.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge